**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1877
_____

ROGER WILSON,
                                    Appellant

v.

U.S. GOV'T
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2:17-cv-01467)
District Judge:  Honorable Nora B. Fischer

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2018
Before:  MCKEE, COWEN, and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 30, 2019)
_____

OPINION*
_____

PER CURIAM

        Roger Wilson, proceeding <u>pro</u> <u>se</u>, appeals an order of the United States District

Court for the Western District of Pennsylvania granting the motion of the United States to

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

dismiss his complaint. For the reasons that follow, we will affirm the judgment of the District Court.

Wilson pleaded guilty to federal drug charges in 2007 and was sentenced in January 2008. In 2011, Wilson was released from custody to a term of supervised release. Proceedings to revoke Wilson's supervised release were initiated in 2012 and he was committed to the custody of the Attorney General for a mental health evaluation. He remained in custody for treatment until the end of 2013. The District Court terminated Wilson's supervision in 2016.

Wilson filed the underlying action against the United States. He alleged in his amended complaint filed on January 8, 2018 that the United States enslaved him from February 2007 to January 2008 in the Allegheny County Jail by fabricating charges and evidence and by using "the Willie Lynch theory," brainwashing techniques, and behavior modification. He sought 100 billion dollars "for slavery" and invoked the District Court's jurisdiction under 18 U.S.C. § 1589, a statute prohibiting forced labor.

The United States moved to dismiss Wilson's complaint. The District Court adopted the Magistrate Judge's report and recommendation to grant the motion to dismiss on the grounds that the amended complaint is barred by res judicata and fails to state a claim upon which relief may be granted. This appeal followed.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Bruni v. City of Pittsburgh, 824 F.3d 353, 360 (3d Cir. 2016).

Wilson challenges the dismissal of his amended complaint on the grounds of res judicata and failure to state a claim. It is not clear that res judicata applies because, as

2

Wilson argued below, his present claim arises from his incarceration in 2007 in connection with drug charges and the earlier lawsuit relied upon by the United States concerned his confinement in 2012, when he was placed in custody for a mental health evaluation and treatment. It is unnecessary to resolve this question, however, because the District Court properly dismissed Wilson's complaint for failure to state a claim upon which relief may be granted.

Wilson asserted in his amended complaint, as well as in multiple filings in response to the motion to dismiss, that the fabrication of charges and evidence against him and the use of brainwashing techniques while he was in jail establish his claim that he was enslaved. He seeks monetary damages for slavery. Wilson cited 18 U.S.C. § 1589, which prohibits, among other things, obtaining the labor or services of a person by force, serious harm, abuse of law or legal process, or threats thereof. We agree with the District Court that, even if Wilson sought to bring a claim under 18 U.S.C. § 1595, which provides a civil remedy for a violation of § 1589, his allegations of false charges and evidence and the use of brainwashing techniques do not state a claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (requiring factual allegations that would allow a court to draw a reasonable inference that the defendant is liable for the misconduct alleged). Based on Wilson's filings, it is evident that an opportunity to further amend the complaint would be futile.

Finally, Wilson argues on appeal that the Magistrate Judge used an illegal procedure in issuing a report and recommendation to dismiss his amended complaint. This argument lacks merit. See 28 U.S.C. § 636(b)(1)(B) (providing for the designation

3

of a magistrate judge to submit recommendations to a district judge for the disposition of a motion to dismiss).

Accordingly, we will affirm the judgment of the District Court.[1]

---

[1] The United States' motion for leave to file a supplemental appendix, which is also construed as a motion to expand the record, is granted.